UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KEITH-AARON: VANN,

    Defendant.
_____/

No. C 12-80273 MISC-PJH

**ORDER**

Before the court is a miscellaneous matter filed by defendant Keith-Aaron: Vann ("Vann"), in the form of an affidavit purporting to seek disqualification of the Hon. Saundra Brown Armstrong from presiding over a case which is not identified. The court has searched the clerk's docket for this district, and finds only one case assigned to Judge Armstrong, in which Vann is a party. That case is a criminal action, United States of America v. Vann, CR-08-0244 SBA.

Two federal statutes govern recusal and disqualification – 28 U.S.C. § 144 and 28 U.S.C. § 455. Under 28 U.S.C. § 144 a judge shall be disqualified where he or she has a "personal bias or prejudice either against [a party] or in favor of any adverse party[ .]" United States v. Heffington, 952 F.2d 275, 278 (9th Cir. 1991). Similarly, 28 U.S.C. § 455 provides, in relevant part, that federal judges and magistrate judges must recuse themselves "in any proceeding in which [their] impartiality might be reasonably questioned[,]" including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1); see Heffington, 952 F.2d at 278.

The substantive standard for recusal is the same under both § 144 and § 455 – "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be questioned." Taylor v. Regents of the Univ. of Calif., 993 F.2d

710, 712 (9th Cir. 1993) (quotations omitted); see also United States v. Hernandez, 109 F.3d 1450, 1453–54 (9th Cir. 1997). In addition, to the extent that a moving party seeks to disqualify a judge based on events that occur during the course of litigation, the party must demonstrate that the judge either (1) relied on knowledge acquired outside of the proceedings or (2) "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." See Liteky v. United States, 510 U.S. 540, 556 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Id. at 555; see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995); Taylor, 933 F.2d at 712.

However, the procedural requirements of the two statutes are different. Under § 144, the party moving for recusal must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists [.]" 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the legal sufficiency of the affidavit has been established and the motion must be referred to another judge for a determination. Id. at 867.

Conclusory allegations are insufficient to support a request for recusal on grounds of bias or prejudice. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). To be sufficient, an affidavit must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits. The focus is not only on the source of the facts and their distorting effect on a decision on the merits, but also on (3) the substantiality of the support given by these facts to the allegation of bias. United States v. Azhocar, 581 F.2d 735, 739-40 (9th Cir. 1978).

Here, notwithstanding that Vann has labeled the filing an "affidavit," there are no facts alleged supporting disqualification. Indeed, there are no facts alleged at all. Moreover, affidavits must be signed under penalty of perjury, but this one is not. See 28

U.S.C. § 1746; <u>Tumlinson Group, Inc. v. Johannessen</u>, 2010 WL 5287520 at *3 (E.D. Cal. Dec.17, 2010).  Vann's failure to submit an affidavit is therefore sufficient justification to deny his motion for recusal under § 144.  <u>Azhocar</u>, 581 F.2d at 738.

Section 455 sets forth no procedural requirements.  That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge.  <u>Sibla</u>, 624 F.2d at 867-68.  Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under § 455, that judge has a duty to recuse himself or herself.  <u>Id.</u> at 868.  In other words, when a judge sitting on a case is aware of grounds for recusal under § 455, that judge has a duty to recuse himself or herself.  <u>Id.</u>

Nevertheless, regardless of which section a party is proceeding under, the motion logically must be directed to the judge that plaintiff seeks to have disqualified, and must be filed in the case for which the party seeks the disqualification.  For that reason, the court finds that the motion must be DENIED, because it was not addressed to Judge Armstrong, and was not filed by Vann in a case in which Judge Armstrong is the presiding judge.  As a further basis for denying the motion, the court finds that it is incomprehensible.

**IT IS SO ORDERED.**

Dated: November 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge